

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2003

# Holland Transp Inc v. Upper Chichester Twp

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Holland Transp Inc v. Upper Chichester Twp" (2003). *2003 Decisions*. Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-4221
_____

HOLLAND TRANSPORT, INC. and HOLLAND MULCH, INC.

*Appellants*

v.

UPPER CHICHESTER TOWNSHIP, THOMAS C. ROBERTS, WILLIAM E.
BURLAND, III, RICHARD T. CURRY, THOMAS J. WENGER, JOHN J. WILLS,
STEPHEN E. BARRAR, LAWRENCE M. SPEDDEN, THOMAS FERRO, BETH H.
ZENUK, ZONING HEARING BOARD OF UPPER CHICHESTER TOWNSHIP,
THERESA R. GUYER, JAMES SQUADRITO, CHARLES REMALEY, and LEWIS
KNAUER,

*Appellees*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 00-cv-00397)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2003
Before: BARRY, BECKER, and GREENBERG
*Circuit Judges*.

(Filed: September 23, 2003)

_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal by plaintiffs, Holland Transportation, Inc. and Holland Mulch, Inc. from the District Court's grant of summary judgment in a case brought by plaintiffs challenging certain land use decisions of the defendants – Upper Chichester Township and a number of its officials. The case has a long and tortuous procedural history with which the parties are intimately familiar and which need not be rescribed here. Judge Baylson dismissed the complaint on ripeness grounds. We think that he was correct in doing so.

Ripeness in this context is governed by *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), which stands for the proposition that in cases involving use of land and a challenge to a zoning decision, a claim will not be ripe until the plaintiff has given the local municipality the opportunity to issue a final decision on the application of its zoning ordinance to the property in question. *Id.* at 186. We have recognized that, in a Pennsylvania Municipality, the ability to render final zoning decisions is vested in the Zoning Hearing Board ("ZHB") pursuant to Pennsylvania's Municipalities Planning Code. *Taylor Inv., Ltd. v. Upper Darby Township*, 983 F.2d 1285, 1291-93 (3d Cir. 1993). Holland argues that its claim is ripe because it appeared before the ZHB regarding Site A, and the ZHB issued a final decision regarding that site (a denial).

However, Holland appealed this decision to the Delaware County Court of

2

Common Pleas where Judge Battle reversed the ZHB, finding that it had abused its discretion by labeling Holland's mulch business as a "collection facility" rather than a "processing facility." Judge Battle then remanded the case to the ZHB for determination of one specific issue. The municipal regulations require a "150-foot setback" from residential properties for facilities of this sort. There is some ambiguity as to whether the *facility itself* must be 150 feet from a residential property, or whether the *property on which the facility sits* must be 150 feet from a residential property. Holland did not renew its argument before the ZHB because, it argues, the ZHB had already decided this issue (in favor of the "property" interpretation).

The District Court concluded that the remand essentially made the ZHB's prior "final decision" not final anymore, reasoning that, even if the ZHB had previously decided in favor of the "property" interpretation rather than the "facility location" interpretation, the Court of Common Pleas' reversal of other components of its holding might cause the ZHB to reconsider that one as well. (Perhaps if the ZHB views Holland's facility as a "processing facility," its conclusion regarding the 150-foot setback will change.)

We think that a remand for consideration of an issue renders nonfinal any decision on that issue, in which case Holland had a duty to renew its action before the ZHB. It did not do so, which means that its claim is not ripe. The same conclusion obtains for Sites B and C, where Holland never even petitioned the ZHB for a resolution, claiming that to

3

do so would have been futile given the perceived persecution by County Commissioners that would give rise to a futility exception to ripeness. But we have not recognized the futility exception in land use cases.

Holland spends a great deal of time arguing that our decision in *Blanche Road Corp. v. Bensalem Township*, 57 F.3d 253 (3d Cir. 1995), precludes dismissal of Holland's claims even if they are not ripe.[1] However, while this case was being briefed, *Blanche Road* was superseded. We held in *United Artist Theater Circuit, Inc. v. Tonwship of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003), that the Supreme Court's decision in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), requires that we employ a "shocks the conscience" standard instead of an "improper interference standard." Holland concedes that this is now the controlling case, and makes an argument that what happened in this case shocks the conscience. It does not.

The judgment of the District Court will be affirmed.[2]

---

[1]*Blanche Road* held that zoning ripeness was not required when:
> Defendants acting in their capacity as officers of the township, deliberately and improperly interfered with the process by which the township issued permits in order to block or to delay the issuance of plaintiffs' permits, and that the defendants did so for reasons unrelated to the merits of the application for permits. Such actions, if proven, are sufficient to establish a substantive due process violation, actionable under § 1983, even if the ultimate outcome of plaintiffs' permit applications was favorable.

[2]Alternatively, we agree with Judge Baylson that a separate basis for granting summary judgment is that granting Holland the relief it sought (a permit) would necessarily entail setting aside the judgment of the Court of Common Pleas, which instructed Holland to file a Land Use Development Plan in connection with Site B. In reversing, we would be

4

overturning the judgment of a state court that a Land Use Development Plan was a prudent request on the part of the Commissioners, and the *Rooker-Feldman* doctrine prevents us from doing so, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

TO THE CLERK:

Please file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge